IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY WILLIAMS,** | : | CIVIL NO. 1:CV-12-2274 |
| Plaintiff, | : | |
| | : | **(Chief Judge Kane)** |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY PRISON,** | : | |
| et al., | : | |
| Defendants | | |

# MEMORANDUM

I.     Background

    Gary Williams ("William"), a pre-trial detainee confined at the Lackawanna County Prison ("LCP"), Pennsylvania, filed this civil rights action on November 15, 2012, pursuant to 42 U.S.C. § 1983. Along with the complaint, Williams filed a motion seeking leave to proceed in forma pauperis (Doc. No. 2). Named as Defendants are the Lackawanna County Prison and the following LCP employees: Warden McMillan, Assistant Warden Barbara Fox and T. Betti. Also named as Defendants are Dr. Zolaga and Tony Innauzzi. It is unclear if they are LCP employees. In the complaint, Williams claims that Defendants have denied him adequate medical care for his fibromyalgia condition. He also sets forth a claim of retaliation against Defendant Innauzzi. Service of the complaint has been directed. An answer thereto has been filed on behalf of Defendants LCP, McMillan and Betti. It does not appear that the other defendants have responded to the complaint even though they have been served. (Doc. No. 12.) Plaintiff has filed two (2) requests for the entry of default with respect to Defendants Zolaga, Fox and Innauzzi, but no entries of default appear on the docket. (Doc. Nos. 16, 17.) As such, the Clerk of Court will be directed to enter default on the record with respect to said Defendants pursuant to Fed. R. Civ. P. 55(a). Presently pending is Plaintiff's motion for the appointment of

counsel. (Doc. No. 8.) For the reasons that follow, the motion will be denied without prejudice.

**II.     Discussion**

In moving for the appointment of counsel Williams argues that: (1) he is an average layman with only a GED education; (2) he is hindered by his incarceration in his ability to obtain discovery material; (3) he has other state and federal criminal cases that need his undivided attention; (4) he wishes to file an amended complaint and would like an experienced attorney to do so on his behalf; and (5) he requires legal advice regarding injunctive relief he would like to pursue due to the opening of his legal mail outside his presence. (Doc. No. 8.)

Although prisoners have no constitutional or statutory rights to appointment of counsel in a civil case, Barham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997), district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002)(citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. For purposes of this motion, the Court will assume that Williams' case has arguable merit in law and the facts.

2

Next, upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

The pending motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time. Tabron, 6 F.3d at 155-56. The pleadings submitted thus far do not contain complicated legal issues. In reviewing the complaint, Williams is obviously literate and clearly able to litigate this action on his own. While he states that he is a layman with only a GED education, he has managed to submit a complaint that is clearly drafted, as well as prepared and filed the instant motion for counsel. There is no reason why he will be unable to conduct discovery or prepare additional filings in this action without the assistance of counsel. The fact that Williams may be busy with other pending legal actions is not a valid basis for the appointment of counsel to represent him in this action when he clearly demonstrates the ability to do so on his own. It cannot be said, at least at this point, that Williams will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. This Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with the apparent ability of Williams to litigate this action, weigh against the appointment of counsel. His pending motion will be denied. If future proceedings

demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a properly filed motion. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WILLIAMS, | : | CIVIL NO. 1:CV-12-2274 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| LACKAWANNA COUNTY PRISON, | : | |
| et al., | : | |
| Defendants | | |

# ORDER

**AND NOW**, this 22nd day of August, 2013, in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for the appointment of counsel (Doc. No. 8) is **denied without prejudice**.

2. Plaintiff's motion for preliminary injunction (Doc. No. 15) is **deemed withdrawn** for failure to file a supporting brief. See M.D. Pa. Local Rule 7. 5.

3. The Clerk of Court is directed to enter default on the docket with respect to Defendants Zolaga, Innauzzi and Fox.

                                                S/ Yvette Kane
                                                YVETTE KANE, Chief Judge
                                                Middle District of Pennsylvania