# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY WILLIAMS, | : | No. 1:12-cv-2274 |
|     Plaintiff | : | |
| | : | (Judge Kane) |
|     v. | : | |
| | : | |
| LACKAWANNA COUNTY PRISON, | : | |
| et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court are several motions pending in this Section 1983 action by Plaintiff Gary Williams ("Williams"), a pre-trial detainee confined at the Lackawanna County Prison ("LCP"), Pennsylvania. Named as Defendants are the Lackawanna County Prison, LCP Warden McMillan and T. Betti. Also named as Defendants are Dr. Zaloga, Nurse Barbara Fox and Tony Iannuzi, CRNP, current and/or former employees of Correctional Care, Inc. Ripe for consideration are Williams' second motion seeking the appointment of counsel (Doc. No. 39), motion for a temporary restraining order (Doc. No. 23) and motion for contempt (Doc. No. 19). Also before the Court is Defendants' motion to set aside the entry of default. (Doc. No. 28.)

## I.  BACKGROUND

In the complaint, Williams claims that Defendants have denied him adequate medical care for his fibromyalgia condition. He also sets forth a claim of retaliation against Defendant Iannuzi. Service of the complaint was directed on December 5, 2012. (Doc. No. 10.) On December 28, 2012, an answer was filed on behalf of Defendants LCP, McMillan and Betti. (Doc. No. 14.) On May 10, 2013 and June 3, 2013, Williams filed a "Declaration for Entry of Default" requesting that default be entered with respect to all Defendants due to their failure to respond to his complaint. (Doc. Nos. 16, 17.) On June 27, 2013, he filed a motion for contempt

claiming that Defendants still had not responded to the complaint. (Doc. No. 19.) A response to this motion was filed on behalf of Defendants LCP, McMillan and Betti. (Doc. No. 21.)

On August 12, 2013, Williams filed a motion for temporary restraining order and a brief in support thereof. (Doc. Nos. 23, 24.) In the motion, he complains about his removal from the S Unit at LCP by Correctional Officer Cole in retaliation for an argument he had with Cole. Williams requests an order directing Cole to stop retaliating against him, and to return him to the S Unit.

On August 16, 2013 a Notice of Appearance was submitted by Attorney John Ninosky on behalf of Defendants Iannuzi and Zaloga. (Doc. No. 25.) On August 22, 2013, an order was issued denying Williams' first request for counsel, and directing the Clerk of Court to enter default on the docket with respect to Defendants Zaloga, Iannuzi and Fox. (Doc. No. 26.) On August 23, 2013, Attorney Ninosky also submitted a Notice of Appearance on behalf of Defendant Fox (Doc. No. 27). On August 23, 2013, Defendants Fox, Iannuzi and Fox filed a motion to set aside default. (Doc. No. 28.) This motion is fully briefed. On October 2, 2013, Williams filed his second request for the appointment of counsel in this matter. (Doc. No. 39.)

## II. DISCUSSION

### A. Motion for Counsel

In his second request for the appointment of counsel Williams argues that: (1) he is an average layman with only a GED education; (2) he is hindered by his incarceration in his ability to obtain discovery material; (3) he has other state and federal criminal cases that need his undivided attention; and (4) he believes his case has merit and will be successful before a jury. (Doc. No. 39.)

Williams previously raised these issues in his first motion for counsel and the Court rejected his arguments. (Doc. No. 26.) Without unnecessary elaboration, and for the reasons set forth in this Court's Memorandum and Order dated August 22, 2013, the Court will deny Williams' second motion for counsel without prejudice. Williams has failed to set forth any special circumstances or factors that warrant the appointment of counsel at this time. See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). Rather, since the denial of his first request for counsel, Williams has continued to demonstrate his ability to litigate this action on his own by filing motions, as well as briefs in opposition to motions submitted by the Defendants. For these reasons, Williams' second request for counsel will be denied without prejudice.

**B.     Motion for Contempt and Motion to Set Aside Entry of Default**

Williams filed a motion for contempt against all Defendants on June 27, 2013, due to their alleged failure to respond to his complaint. Service of the complaint was directed on December 5, 2012. An answer was thereafter timely submitted by Defendants LCP, McMillan and Betti on December 28, 2013. As such, Williams' motion has no merit with respect to these Defendants.

Because Defendants Zaloga, Fox and Iannuzi did not file any response to the complaint, Williams requested the entry of default with respect to these individuals on May 10, 2013 and June 3, 2013. He thereafter filed the motion for contempt. On August 16, 2013 and August 23, 2013, Attorney John Ninosky entered his appearance on behalf of these Defendants. He also filed a motion seeking to set aside the default entered by the Clerk of Court with respect to Zaloga, Fox and Iannuzi. (Doc. No. 28.) In support of this motion, Defendants state that the

3

complaint was served at the following address: 200 Adams Avenue, Scranton, PA 18503. (Doc. No. 12.) The person who signed for service for all Defendants was Traci Harte, Assistant to the Chief of Staff, Lackawanna County. The complaint was served at the address of the Lackawanna County Administrative Building, and not the Lackawanna County Prison which is located at 1371 North Washington Avenue, Scranton, Pennsylvania. Defendants Zaloga, Iannuzi and Fox are not employees of Lackawanna County. Rather, Zaloga is the owner of Correctional Care, Inc., and Iannuzi and Fox were employees of Correctional Care, Inc. at the relevant time. In support thereof, Defendants submit the affidavit of Robert Schaub, Esquire, counsel for Correctional Care, Inc. (Doc. No. 28, Ex. A, Schaub Aff. ¶¶ 3-5.) Correctional Care, Inc. maintains a contract with the Lackawanna County Prison to provide medical services to the inmates confined there. (Id. ¶ 2.) Defendants Zaloga, Fox and Iannuzi argue that because they are not employees of Lackawanna County and do not maintain a place of business at 200 Adams Avenue in Scranton, Pennsylvania, where the complaint was served and signed for, that they were never served with the complaint in this action. As such, Williams' motion for contempt and the entry of default against them on the docket is improper. The Court agrees for the following reasons.

It is clear that Defendants Zaloga, Fox and Iannuzi were not properly served with the complaint in accordance with Fed. R. Civ. P. 4(e). These Defendants were not personally served with a copy of the complaint, a copy was not left at their dwelling, and a copy was not left with an agent authorized by appointment of law to receive service on their behalf. See Fed. R. Civ. P. 4(e)(2). Moreover, service was not appropriate under Fed. R. Civ. P. 4(e)(1) because the Lackawanna County Administrative Office is not a place of business for Correctional Care, Inc.

4

or any of these Defendants, and Traci Harte was not authorized to accept service on their behalf.

The policy of the United States Court of Appeals for the Third Circuit is one of "disfavoring default judgments and encouraging decisions on the merits." Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)(citation omitted.) Nevertheless, the "decision to set aside entry of default pursuant to Fed. R. Civ. P. 55(c) . . . is left primarily to the discretion of the district court."[1] United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit requires district courts to consider three factors in making such a determination: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Budget Blinds, Inc. v. White, 536 F.3d 244, 256-57 (3d Cir. 2008)(citing $55,518.05 in U.S. Currency, 728 F.2d at 194-195).

Based upon the foregoing, default was mistakenly entered on the docket in this action. Counsel for Defendants Zaloga, Fox and Iannuzi only became aware of this action when counsel for Correctional Care Inc. (Robert Schaub, Esquire) was contacted by the Lackawanna County Prison through correspondence dated July 24, 2013, and thereafter notified him. (Doc. No. 28, Ex. A ¶ 7.) After the case was assigned to counsel for Defendants, he entered his appearance on their behalf on August 16, 2013 and August 23, 2013, and filed a motion to set aside the entry of default on August 23, 2013. Attached to the motion is Defendants' proposed answer to the complaint. (Id., Ex. B.)

There is no evidence to support any inference that the failure to timely respond to

---

[1] Federal Rule of Civil Procedure 55(c) states that "[f]or good cause shown the court may set aside an entry of default ...."

Williams' complaint was the result of culpable conduct on the part of Defendants. Rather, the record reveals that Defendants were never properly served with the complaint. Further, there is no evidence that Williams will be prejudiced in allowing Defendants Zaloga, Fox and Iannuzi to now defend this action, particularly in light of the improper service. Accordingly, Defendants' motion will be granted (Doc. No. 28) and the Clerk of Court directed to set aside the entry of default. Defendants will be directed to file a response to the complaint within ten (10) days. Further, Williams' motion for contempt (Doc. No. 19) will be denied with respect to Defendants Zaloga, Fox and Iannuzi.

      **C.**      **Motion for Preliminary Injunctive Relief/Temporary Restraining Order**

Williams has also filed a motion seeking preliminary injunctive relief and a temporary restraining order in this action. (Doc. No. 23.) He alleges that on August 5, 2013 he was removed from the S Unit at the Lackawanna County Prison and placed in the Restricted Housing Unit ("RHU") by Correctional Officer Cole. Cole is not named as a defendant in this action. He states Cole moved him to the RHU following an argument between him and Cole in the dayroom of the prison. It is Williams' belief that Cole was retaliating against him because of the argument when he moved him. Williams also fears further retaliation by Cole.

A request for preliminary injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure and judged against exacting legal standards. As the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits: (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the

6

preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994)(quoting SI Handling Systems, Inc., v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity and is an extraordinary remedy. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunctive relief sought is the only way of protecting the Plaintiff from harm. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

For an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. .R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original)(quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed

7

with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)(quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979). With these considerations in mind, the Court finds that neither a preliminary injunctive relief nor a temporary restraining order is warranted in this case.

First, Williams seeks injunctive relief against an individual who is not a party in this action. "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive relief is sought. Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996)(quoting Fed. R. Civ. P. 65). Plaintiff has failed to make any such showing.

Further, even if Officer Cole was a defendant in this action, Williams' success on the merits is unlikely. Williams complains that Cole moved him from S Unit to the RHU and believes he did so in retaliation due to an argument between them. It is well-settled that an

8

inmate has no inherent federal liberty interest guaranteeing he remain in a particular prison, or preventing his transfer to another correctional facility. Moreover, a prisoner's placement is a matter of prison administration and a prisoner has no constitutional right to be placed in any particular cell or housing unit. Johnson v. Hill, 910 F. Supp. 218, 220 (E.D. Pa. 1996). As such, Williams' transfer from S Unit to the RHU alone does not state a constitutional claim. Although he sets forth the conclusory statement that the move was retaliatory, his own assertions undermine this claim. Williams states that Cole ordered him to come downstairs and that he failed to comply with this order. Instead, he went back into his cell. These allegations provide a basis for the inference that Williams' was moved to the RHU due to his failure to comply with Cole's order.

More importantly, injunctive relief is not warranted in this case because Williams will not suffer any irreparable harm. He is free to pursue a legal action against Officer Cole where he can seek any appropriate relief. For theses reasons, the motion for preliminary injunction and temporary restraining order will be denied. An order consistent with this memorandum follows.