IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY WILLIAMS,** | : | CIVIL NO. 1:CV-12-2274 |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| v. | : | |
| | : | |
| **LACKAWANNA COUNTY PRISON,** | : | |
| et al., | : | |
| **Defendants** | | |

**MEMORANDUM**

This civil rights action was filed pursuant to 42 U.S.C. § 1983 by Gary Williams ("Plaintiff"), at the time a pre-trial detainee confined at the Lackawanna County Prison ("LCP"), Pennsylvania. Named as Defendants are LCP, and employees Warden Robert McMillan and Assistant Warden T. Betti. Also named as Defendants are healthcare provider Correctional Care, Inc. ("CCI"), current or former employees Dr. Zolaga; Tony Iannuzzi, CRNP; and Nurse Barbara Fox. Before the Court for consideration is a motion for summary judgment filed by Defendants LCP, McMillan and Betts (Doc. No. 35) and Plaintiff's motion for a temporary restraining order (Doc. No. 42), request for entry of default (Doc. No. 48) and his proposed amended complaint (Doc. No. 47).

**I.   Background**

In the complaint, Williams claims that Defendants have denied him adequate medical care for his fibromyalgia condition. He claims that when he was committed to LCP on May 30, 2012, he was under a doctor's care with orders to take Lyrica twice a day for his condition. He advised Defendants of his condition, but was denied treatment despite numerous grievances and attempts to resolve the matter. He also sets forth a claim of retaliation against Defendant Iannuzzi. Service of the complaint was directed on December 5, 2012. (Doc. No. 10.) On

December 28, 2012, an answer was filed on behalf of Defendants LCP, McMillan and Betti. (Doc. No. 14.) These Defendants have also filed a motion for summary judgment. (Doc. No. 35.) While default was originally entered with respect to the remaining Defendants, the Court granted a motion to set aside default. (Doc. Nos. 44, 45.) On January 14, 2014, an answer to the complaint was filed on behalf of Defendants Zaloga, Iannuzzi and Fox.[1] (Doc. No. 46.)

On January 31, 2014, Plaintiff submitted a proposed amended complaint. (Doc. No. 47.) On April 10, 2014, he submitted a declaration for entry of default due to the failure of Defendants to respond to his amended complaint. (Doc. No. 48.) Defendants have filed responses to this declaration. (Doc. Nos. 49, 50.) Also pending is Plaintiff's motion for temporary restraining order (Doc. No. 42).

**II.    Discussion**

    **A.    Motion for Temporary Restraining Order**

Plaintiff seeks a temporary restraining order in this action with respect to harassment he is experiencing from Officer Cole. The harassment includes cell searches where his legal work is ripped and thrown on the floor, the removal of his mattress and other items, the termination of the water supply to his cell, the issuance of false incident reports, and verbal taunting. Plaintiff fears that the situation with Cole will become worse and requests injunctive relief against him. (Doc. No. 42.)

A request for preliminary injunctive relief is governed by Rule 65 of the Federal Rules of Civil Procedure and judged against exacting legal standards. As the United States Court of

---

[1] The Court notes that it does not appear that Defendant CCI was ever served with the complaint or that the answer was filed on behalf of said Defendant.

Appeals for the Third Circuit has explained: "Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits: (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994)(quoting SI Handling Systems, Inc., v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982)(affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity, and is an extraordinary remedy. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, it is a movant's burden to show that the preliminary injunctive relief sought is the only way of protecting the Plaintiff from harm. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992).

For an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. .R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu-Jamal v. Price, 154 F.3d 128, 133 (3d Cir. 1998); Kershner, 670 F.2d at 443. If the movant fails to carry

this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate *both* a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v Casey, 868 F.2d 69, 72 (3d Cir. 1989)(emphasis in original)(quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995)(quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979). With these considerations in mind, the Court finds that a temporary restraining order is not warranted in this case.

First, Plaintiff seeks injunctive relief against an individual who is not a party in this action. "A non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with the party against whom injunctive

relief is sought. Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996)(quoting Fed. R. Civ. P. 65). Plaintiff has failed to make any such showing. Moreover, injunctive relief would not be warranted because Plaintiff will not suffer any irreparable harm. He is free to pursue a legal action against Officer Cole where he can seek any appropriate relief. For theses reasons, the motion for temporary restraining order will be denied.

### B. Proposed Amended Complaint

Pursuant to Fed. R. Civ. P. 15(a)(1), a party may amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. A party may its pleading in all other cases only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

Leave to amend pleadings is generally at the discretion of the trial court, Foman v. Davis, 371 U.S. 178, 182 (1962), and shall be given when justice so demands. Fed. R. Civ. P. 15(a). Typically, "even when [a] plaintiff does not seek leave to amend his complaint ... unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time." Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). A court, however, may decide to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman, 371 U.S. at 182 (1962).

In the instant case, the Court finds none of the above reasons to exist that would justify

rejecting the proposed amended complaint submitted by Plaintiff.  The main purpose of the amended complaint is to add a defendant, Nurse Terry Lamberti.  Lamberti is the individual that evaluated Plaintiff upon his commitment to LCP on May 30, 2012, and who Plaintiff advised of his fibromyalgia condition and doctor's orders for Lyrica.  Other than adding Lamberti as a defendant, Plaintiff basically reasserts the claims set forth in the original complaint, but provides more detail.  He also references the exhibits attached to the original complaint.

Plaintiff argues that his amended complaint is "as of right" since it was filed within 21 days of the Medical Defendants' answer.  The Medical Defendants do not appear to contest the filing of the amended complaint, and have attached a proposed answer to Plaintiff's filing should the Court accept it.  (Doc. No. 49-1.)  The answer is also filed on behalf of the newly named Defendant.  However, the Court notes that the LCP Defendants filed their answer well before the filing of the proposed amended complaint, and have a motion for summary judgement in this action.

In light of the Court's liberal policy with respect to amendment of the complaint, and the lack of any evidence of bad faith, dilatory motive or undue prejudice to the Defendants, the Court will accept Plaintiff's proposed amended complaint.  Because Plaintiff refers to the exhibits attached to the original complaint, the standing complaint in this matter will consist of Documents 1 and 47.  The United States Marshal will be directed to serve a copy of the standing complaint on the new Defendant (Nurse Terry Lamberti) and Correctional Care, Inc.  The motion for summary judgment filed by the LCP Defendants will be denied without prejudice to refile and supplement following their response to the amended complaint.  Plaintiff's request for entry of default will be dismissed as moot.  An appropriate order follows.