```
           UNITED STATES DISTRICT COURT
                     FOR THE
             MIDDLE DISTRICT OF PENNSYLVANIA

GARY WILLIAMS,                  :
                                :
        Plaintiff               :   No. 1:12-CV-02274
                                :
    vs.                         :   (Judge Kane)
                                :
LACKAWANNA COUNTY PRISON,       :
et al.,                         :
                                :
        Defendants              :
```

## MEMORANDUM

## Background

This was a pro se action brought by Plaintiff, Gary Williams, an inmate presently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, pursuant to 42 U.S.C. § 1983. The action proceeded on the basis of two documents, referred to as Plaintiff's "standing complaint": the original complaint (Doc. No. 1) and an amended complaint (Doc. No. 47) accepted by the Court by order of July 14, 2014. (Doc. No. 54.) The standing complaint related to incidents that occurred in 2012.

The Defendants named in the standing complaint were the Lackawanna County Prison, Warden Robert McMillan and Assistant Warden Betti (collectively referred to as the "Corrections Defendants") and Dr. Edward Zolaga, Certified Registered Nurse Practitioner Tony Iannuzzi, Licensed Practical Nurses Barbara Fox and Terri Lamberti, and Correctional Care, Inc. (collectively referred to as the "Medical Defendants").

Answers were filed by the Corrections Defendants and Medical Defendants to Plaintiff's standing complaint. (Doc. Nos. 14, 46, 56, 57.)  On October 30, 2014, the Corrections Defendants filed a motion for summary judgment and a brief in support thereof. (Doc. Nos. 72, 73.)  The Corrections Defendants also filed a statement of material facts in accordance with Local Rule 56.1 and evidentiary materials. (Doc. No. 74.)  On November 13, 2014, Plaintiff filed a brief in opposition. (Doc. No. 76.)  The Corrections Defendants elected not to file a reply brief.

On February 26, 2015, the Medical Defendants filed a motion for summary judgment and a brief in support thereof. (Doc. Nos. 81, 83.)  The Medical Defendants also filed a statement of material facts in accordance with Local Rule 56.1 and evidentiary materials. (Doc. Nos. 82, 84.)  On March 13, 2015, Plaintiff filed a brief in opposition (Doc. No. 87), an unsigned "Declaration In Opposition to Medical Defendant's (sic) Motion for Summary Judgment" (Doc. No. 85), and a so-called "Statement of Disputed Factual Issues" (Doc. No. 86) which did not respond to the Medical Defendants' statement of material facts in accordance with Local Rule 56.1 and was merely a statement by Plaintiff of what he contended were the issues in the case.  The Medical Defendants elected not to file a reply brief but did file on March 25, 2015, a response (Doc. No. 88) to Plaintiff's so-called "Statement of Disputed Factual Issues."

By memorandum and separate order of March 16, 2016, the motions for summary judgment filed by the Corrections Defendants and the Medical Defendants were granted and the Clerk of Court directed to enter judgment in favor of those Defendants. The case was closed the same day.

On March 24, 2016, Plaintiff filed a document entitled "Motion for Leave to File Supplemental Amended Complaint" pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 15(d) provides:

> **(d) Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental complaints are not barred merely because they set forth new claims. However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, <u>Federal Practice & Procedure: Civil</u> § 1506 at 551 (1971).

A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, granting a motion for leave to file a supplemental complaint is within the sound discretion of the trial court. Factors to be considered by the court in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience to permitting the plaintiff to supplement the complaint, and any resulting prejudice to the other parties in the action. Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. Id.

The supplemental complaint relates to incidents which occurred after Plaintiff returned to the Lackawanna County Prison "on December 14, 2016" (sic)[1] after a "60 day mental health eval[uation]." (Doc. No. 96.) Because judgment has been entered in this case and the so-called supplemental complaint relates to incidents that obviously occurred more than 2 years after the incidents alleged in the standing complaint, the court will deny Plaintiff's motion. Plaintiff has the option of filing a new

---

1. The proposed supplemental complaint attached to the motion indicates that Plaintiff returned to the Lackawanna County Prison on December 14, 2015. (Doc. No. 96-1, at 1.)

action relating to the incident which occurred after December 14, 2015.

An appropriate order will be entered.